THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE MCCLELLON, an individual

    Plaintiff,

  vs.

BANK OF AMERICA, N.A., a national banking association,

    Defendant.

Case No. 2:19-cv-00394-JCC

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Bank of America, N.A. ("BANA") hereby provides its answers to the Complaint of Plaintiff Donte McClellon ("Plaintiff") as follows:

## I.    PRELIMINARY STATEMENT

1.1    In response to this paragraph, BANA admits the nature of the claims asserted by Plaintiff, and states that all claims other than that for an action under Article 4A of the UCC have been dismissed with prejudice by the Court. BANA denies all allegations of wrongdoing expressed or implied in this paragraph.

1.2    BANA neither admits nor denies the allegations contained in Paragraph 1.2 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

ANSWER TO PLAINTIFF'S COMPLAINT - 1
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

601428-0766/4847-6033-1416.1

1.3     BANA neither admits nor denies the allegations contained in Paragraph 1.3 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.4     BANA denies the allegations of this paragraph.

1.5     BANA denies the allegations of this paragraph.

1.6     In response to this paragraph, BANA admits the nature of the claims asserted by Plaintiff, and states that all claims other than that for an action under Article 4A of the UCC have been dismissed with prejudice by the Court. BANA denies all allegations of wrongdoing expressed or implied in this paragraph.

1.7     BANA admits the allegations of this paragraph.

1.8     BANA denies the allegations of this paragraph.

1.9     BANA neither admits nor denies the allegations contained in Paragraph 1.9 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.10    BANA admits the allegations of this paragraph.

1.11    In response to this paragraph, BANA admits that transactions in the stated amounts took place on the dates stated therein, but denies that the transactions were "fraudulent" as alleged.

1.12    BANA neither admits nor denies the allegations contained in Paragraph 1.12 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 2
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

601428-0766/4847-6033-1416.1

1.13   BANA neither admits nor denies the allegations contained in Paragraph 1.13 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.14   BANA neither admits nor denies the allegations contained in Paragraph 1.14 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.15   BANA neither admits nor denies the allegations contained in Paragraph 1.15 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.16   BANA neither admits nor denies the allegations contained in Paragraph 1.16 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.17   BANA states that it was notified of the allegedly unauthorized transfers within 60 days of their purported occurrences, but denies the allegations of this paragraph to the extent Plaintiff alleges that they are governed by Regulation E.

1.18   BANA denies the allegations of this paragraph.

1.19   BANA denies the allegations of this paragraph.

1.20   BANA neither admits nor denies the allegations contained in Paragraph 1.20 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent a response is required, BANA denies the allegations of this paragraph and states that claims related to a violation of Regulation E have been dismissed with prejudice by the Court.

1.21   BANA denies the allegations of this paragraph.

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 3
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

601428-0766/4847-6033-1416.1

1.22    BANA denies the allegations of this paragraph.

1.23    BANA denies the allegations of this paragraph.

1.24    BANA denies the allegations of this paragraph and states that claims related to a violation of Regulation E have been dismissed with prejudice by the Court.

1.25    BANA denies the allegations of this paragraph.

1.26    BANA neither admits nor denies the allegations contained in Paragraph 1.26 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.27    BANA neither admits nor denies the allegations contained in Paragraph 1.27 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.28    BANA neither admits nor denies the allegations contained in Paragraph 1.28 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

1.29    BANA lacks information sufficient to respond to the allegations of this paragraph and therefore denies them.

1.30    BANA lacks information sufficient to respond to the allegations of this paragraph and therefore denies them.

1.31    BANA lacks information sufficient to respond to the allegations of this paragraph and therefore denies them.

1.32    BANA neither admits nor denies the allegations contained in Paragraph 1.32 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 4
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

601428-0766/4847-6033-1416.1

a response is required, BANA denies the allegations of this paragraph and states that all claims other than for breach of Article 4A of the UCC have been dismissed with prejudice by the Court, and a claim under Article 4A of the UCC does not allow for the recovery of "lost profits."

1.33   BANA neither admits nor denies the allegations contained in Paragraph 1.33 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent a response is required, BANA denies the allegations of this paragraph and states that all claims other than for breach of Article 4A of the UCC have been dismissed with prejudice by the Court, and a claim under Article 4A of the UCC does not allow for the recovery of "lost profits."

1.34   BANA neither admits nor denies the allegations contained in Paragraph 1.34 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent a response is required, BANA denies the allegations of this paragraph and states that all claims other than for breach of Article 4A of the UCC have been dismissed with prejudice by the Court, and a claim under Article 4A of the UCC does not allow for the recovery of "lost profits."

1.35   BANA neither admits nor denies the allegations contained in Paragraph 1.35 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent a response is required, BANA denies the allegations of this paragraph and states that all claims other than for breach of Article 4A of the UCC have been dismissed with prejudice by the Court, and a claim under Article 4A of the UCC does not allow for the recovery of "lost profits."

1.36   BANA lacks information sufficient to respond to the allegations of this paragraph and therefore denies them.

## II.   ADDITIONAL INDISPUTABLE FACTS AND ARGUMENT

2.1   BANA denies the allegations of this paragraph.

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 5
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

601428-0766/4847-6033-1416.1

2.2  BANA neither admits nor denies the allegations contained in Paragraph 2.2 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.3  BANA neither admits nor denies the allegations contained in Paragraph 2.3 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.4  BANA neither admits nor denies the allegations contained in Paragraph 2.4 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.5  BANA denies the allegations of this paragraph.

2.6  BANA neither admits nor denies the allegations contained in Paragraph 2.6 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.7  BANA neither admits nor denies the allegations contained in Paragraph 2.7 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.8  BANA neither admits nor denies the allegations contained in Paragraph 2.8 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.9  BANA neither admits nor denies the allegations contained in Paragraph 2.9 of the Complaint as it states a legal conclusion and therefore no response is required.  To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 6
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

601428-0766/4847-6033-1416.1

2.10    BANA neither admits nor denies the allegations contained in Paragraph 2.10 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

2.11    BANA neither admits nor denies the allegations contained in Paragraph 2.11 of the Complaint as it states a legal conclusion and therefore no response is required. To the extent further response is required, BANA denies the allegations and demands strict proof thereof.

### III.   PARTIES

3.1    BANA lacks information sufficient to respond to the allegations of this paragraph and therefore denies them.

3.2    BANA admits the allegations of this paragraph

### IV.   EXERCISING OF RIGHTS

4.1    BANA denies that Plaintiff is entitled to a jury trial due to a contractual mutual waiver of such, which was exercised between the parties.

### V.   PLAINTIFF'S PRAYER

BANA denies that Plaintiff is entitled to any relief.

### VI.   GENERAL DENIAL

BANA denies each and every allegation contained in Plaintiff's Complaint not specifically admitted in the Answer.

### VII.   AFFIRMATIVE DEFENSES

By way of further answer and/or affirmative defenses, BANA states and alleges that the Complaint should be dismissed in whole or in part based upon the following:

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by unclean hands.

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 7
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

601428-0766/4847-6033-1416.1

3. Plaintiff's claims are barred by the contractual terms and conditions applicable to his account with BANA.

4. Plaintiff's claims are barred by the contractual terms and conditions applicable to the wire transactions in question.

5. Plaintiff's claims are barred because BANA used adequate security procedures to ensure Plaintiff's wiring instructions were authentic.

6. BANA reserves the right to add such other affirmative defenses as the course of discovery and investigation shall dictate.

DATED this 3rd day of June, 2019.

*s/Daniel J. Oates*
Daniel J. Oates, WSBA No. 39334
*s/Katie Loberstein*
Katie Loberstein, WSBA No. 51091
MILLER NASH GRAHAM & DUNN LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA  98121-1128
Tel:  (206) 624-8300
Fax:  (206) 340-9599
Email: dan.oates@millernash.com
　　　　katie.loberstein@millernash.com

Attorneys for Defendant Bank of America, N.A.

BANA's ANSWER TO PLAINTIFF'S COMPLAINT - 8
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

601428-0766/4847-6033-1416.1

## DECLARATION OF SERVICE

I, Jennifer L. Schnarr, hereby declare under penalty of perjury under the laws of the United States that on this 3rd day of June, 2019, the foregoing document was served on the Plaintiff via overnight delivery, at the address set forth below.

Donte McClellon
7909 37th Avenue South
Seattle, WA  98118

SIGNED at Seattle, Washington this 3rd day of June, 2019.

*s/Jennifer L. Schnarr*
Jennifer L. Schnarr, Legal Assistant

DECLARATION OF SERVICE - 9
2:19-CV-00394-JCC

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

601428-0766/4847-6033-1416.1