THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONTE MCCLELLON,

          Plaintiff,

   v.

BANK OF AMERICA N.A.,

          Defendant.

CASE NO. C19-0394-JCC

ORDER

This matter comes before the Court *sua sponte*. This case is identical to a lawsuit that was previously dismissed by the Court. *See McClellon v. Bank of America N.A.*, Case No. C18-0829-JCC, Dkt. No. 11 (W.D. Wash. 2018). Plaintiff is currently appealing the Court's dismissal of that lawsuit. *See McClellon*, Case No. C18-0829-JCC, Dkt. No. 34.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The Ninth Circuit has held that when determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, a district court must weigh the following competing interests: (1) the possible

damage that may result from the granting of a stay; (2) the hardship that the party seeking the stay may suffer by being required to go forward; and (3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. *Lockyer*, 398 F.3d at 1110.

The Court concludes that this case should be stayed pending the resolution of Plaintiff's appeal in the prior lawsuit. The prior lawsuit alleged the same claims against the same Defendant and arose from the same underlying facts as the present complaint. *Compare* Dkt. No. 9, *with McClellon*, Case No. C18-0829-JCC, Dkt. No. 11. Allowing the present case to proceed would cause hardship to Defendant by forcing it to litigate identical lawsuits in two separate venues. Moreover, Plaintiff will not face undue hardship from a stay of this action. A stay is clearly in the interest of judicial economy and avoiding duplicative litigation, as the result of Plaintiff's appeal could directly influence the present lawsuit. *See Lockyer*, 398 F.3d at 1110.

The Court hereby STAYS all matters in this proceeding until Plaintiff's appeal in *McClellon v. Bank of America, N.A.*, Case No. 19-35243 (9th Cir. 2019) is resolved. The Clerk is DIRECTED to statistically close this case.

DATED this 13th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE